IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PIGEON CREEK PRESBYTERIAN CHURCH, )
ROBERT DEVORE, KATHLEEN DEVORE, )
BONNIE LAWRENCE, BARBARA MAJOROS, )
RUSSELL EARLYWINE and MELVIN )
EARLYWINE, )
 )
      Plaintiffs, )
 )
  vs. ) Civil Action No. 09-1399
 )
RANGE RESOURCES-APPALACHIA, LLC, )
 )
      Defendant. )

### MEMORANDUM OPINION

Pending before the Court are two motions, the first, a motion to dismiss the initial complaint, filed by Defendant Range Resources-Appalachia, LLC ("Range Resources") at Docket No. 4, and the second, a motion for leave to file an amended complaint, filed by Plaintiffs at Docket No. 9. For the reasons set forth below, the Court will defer a ruling on the motions and stay the case.

### I. INTRODUCTION

#### A. Factual Background

According to the Complaint, Plaintiffs collectively own a total of approximately 29.4 acres of land in Somerset Township, Washington County, near or in the town of Eighty-Four, Pennsylvania. In the summer of 2008, Range Resources, through its agent Lawrence E. Edelstein, began soliciting Plaintiffs to enter into oil and gas leases with the company. Range Resources presented a proposed "Non-Surface Development Oil & Gas Lease"

("the Lease") to each individual Plaintiff or group of Plaintiffs[1] and, after negotiations between Mr. Edelstein and Plaintiff Robert Devore, the parties also developed an addendum to each Lease ("the Lease Addendum.") A third document, a "Memorandum of Non-Surface Development Oil & Gas Lease" ("Lease Memorandum"), further supplemented the Lease. The Leases, Lease Addenda and Lease Memoranda signed by Plaintiffs were all identical except for the description of their respective properties.[2] Between September 10 and September 20, 2008, Plaintiffs met at various times with Mr. Edelstein to sign the documents.

On September 20, 2008, each Plaintiff also entered into a letter agreement which provided that Plaintiffs would receive a "signing bonus" of $4,000 per acre leased to Defendant plus $1.00 for each Lease ("the letter agreement.") The letter agreement was subject to a "final title examination" and a Range Resources management review to "ensure the proper persons have executed the Lease, that the Oil and Gas Rights are intact, and the status of other Oil and Gas Leases that may be interim on the leased premises." (Complaint, § 12, and Exhibit B thereto.[3]) In

---

[1] Four leases were executed by Pigeon Creek Presbyterian Church; Robert and Kathleen Devore; Bonnie Lawrence; and Barbara Majoros, Russell Earlywine and Melvin Earlywine. For ease of reference, groups of Plaintiffs will be referred to simply as a Plaintiff.

[2] The copies of these documents attached to the Complaint all appear to be incomplete.

[3] The letter agreement attached as Exhibit B is unsigned by either party.

addition, the letter agreements provided that each lessor would receive payment of the bonus within 90 days of September 20, 2008, the date on which the agreements were signed. Each Plaintiff also signed a receipt on that date, reflecting payment of $1.00 in cash and "$4,000.00 per acre payable within ninety (90) days." (Complaint, § 13, and Exhibit C thereto.[4])

According to Plaintiffs, although they had delivered to Defendant fully executed leases and related documents which precluded them from entering into oil and gas leases with any other party, and although there were no obvious problems with their titles to the oil and gas rights which would have impaired their obligations, in November 2008, Range Resources returned the Leases, Lease Addenda, and Memoranda to Plaintiffs, stamped "VOID" at numerous points. Plaintiffs allege that Defendant now describes these documents merely as Plaintiffs' "offers" to enter into "proposed leases" which the company's senior management decided to reject, not because of any problems with title to the land or oil and gas rights, but simply because prices had dropped.

Range Resources then offered a revised lease proposal to each of the Plaintiffs except Barbara Majoros, Russell Earlywine and Melvin Earlywine ("the Earlywines"), and suggested that none of the Plaintiffs would be entitled to the signing bonus. Defendant also attempted to persuade Plaintiffs to sign acknowledgments that they

---

[4] The receipt attached as Exhibit C is unsigned by either party.

had agreed to terminate their rights to payment the under letter agreements. Despite demands for payment, Range Resources has refused to pay any Plaintiff the signing bonus provided for in the letter agreements.

B.  Procedural Background

Plaintiffs filed suit in the Court of Common Pleas of Washington County, Pennsylvania, on September 11, 2009, first alleging breach of oral agreements between themselves and Range Resources, as well as breach of the letter agreements and receipts. All Plaintiffs except the Earlywines allege in Count II that Defendant violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 et seq. ("CPL"), arguing that the letters sent to them in November 2008, returning the "void" leases, contained false and misleading statements which were intended to deceive Plaintiffs; because this attempt to mislead them was outrageous conduct, Plaintiffs are entitled to treble damages under the CPL as well as attorneys' fees and costs. In Count III of the Complaint, all Plaintiffs allege fraud on the part of Range Resources as an alternative to the breach of contract claims in Count I.

Defendant timely removed the case to this Court on October 19, 2009, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.[5] Plaintiffs

---

[5] According to the Notice of Removal and the Complaint, all Plaintiffs are Pennsylvania residents and Range Resources is a Delaware corporation with its principal place of business "in a state

did not object to the removal. On October 26, 2009, Range Resources filed the now-pending motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiffs failed to respond as directed by the Court (see Order of Court dated October 26, 2009), but instead filed an amended complaint. Because the proposed amended complaint was filed without leave of Court and there was no indication that Defendant had consented to its filing as required by Fed.R.Civ.P. 15(a)(2), the amended complaint was stricken and Plaintiffs were directed to file a response to the motion to dismiss. They subsequently filed the pending motion for leave to file an amended complaint.

## II. DISCUSSION

Range Resources focuses its motion to dismiss on the fact that two district courts in the Middle District of Pennsylvania have found, under almost identical circumstances as those alleged by Plaintiffs herein, that no contract was ever formed between the landowner-plaintiffs and Range Resources. In <u>Lyco Better Homes, Inc. c/o Confair Company v. Range Resources-Appalachia, LLC</u>, CA No. 09-249, 2009 U.S. Dist. LEXIS 110425 (M.D. Pa. May 21, 2009), and in <u>Hollingsworth v. Range Resources-Appalachia, LLC</u>, CA No. 09-838, 2009 U.S. Dist. LEXIS 100354 (M.D. Pa. Oct. 28, 2009) (adopting the magistrate judge's report and recommendation reported at 2009 U.S.

---

other than the Commonwealth of Pennsylvania." The leases attached to the Complaint indicate that Range Resources's address is Hartville, Ohio.

Dist. LEXIS 100371 (M.D. Pa. July 29, 2009)), the courts dismissed the claims against Range Resources in their entirety, finding that the plaintiffs had made offers to Range Resources which were subsequently rejected when a condition precedent to formation of the contracts, i.e., management approval by the defendant, had not been satisfied. See Lyco Homes, 2009 U.S. Dist. LEXIS 110425 at *8-*9, and Hollingsworth, 2009 U.S. Dist. LEXIS 100354 at *9-*10.

The Court takes judicial notice of the fact that both these cases are currently on appeal to the United States Court of Appeals for the Third Circuit. See Lyco Homes, No. 09-2645, and Hollingsworth, No. 09-0506. In each case, the plaintiffs have asserted that the district court erred by finding that the parties never entered into a binding contract. The plaintiffs in Hollingsworth also contend that the district court erred by denying their motion to amend the complaint. (Court's PACER review, January 15, 2010.)

The formation of a binding agreement between the parties is essential to the success of Plaintiffs herein to the extent their Complaint rests on alleged breaches of the letter agreements and receipts. Should the Court of Appeals agree with the courts in the Middle District of Pennsylvania and find that no contact was formed through the Leases or the letter agreements (referred to in the Hollingsworth and Lyco Homes opinions as the "Dear Property Owner" letters), Plaintiffs could theoretically still have viable claims

6

for breach of an oral agreement, violation of the Pennsylvania Consumer Protection Law, and fraud. The Court expresses no opinion on whether those claims would survive a motion to dismiss, but finds that in the interest of judicial economy, rather than consider Plaintiffs' breach of contract claims while nearly identical issues are on appeal, we shall defer a ruling on Defendant's motion to dismiss until such time as further guidance is provided by the Court of Appeals. Similarly, Plaintiffs' motion for leave to amend the Complaint shall be considered at such time as the scope of an amended complaint may be more clearly defined.

An appropriate Order follows.

_William J. Standish_
William L. Standish
United States District Judge